**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **AMENDED JOINT MOTION FOR** |
| MTI, INC. | ) | **FINAL APPROVAL OF** |
| | ) | **SETTLEMENT** |
| Defendants. | ) | |

## I.   INTRODUCTION

The Parties to this action, Plaintiff Advanced Dermatology, individually and on behalf of the "Settlement Class" (as defined below), and Defendant MTI, Inc., submit this joint motion for Final Approval of a proposed settlement ("Settlement") of this action. The terms of the Settlement are set forth in the Settlement Agreement, attached as **Exhibit A**; for purposes of this Motion, the defined terms used in the Settlement Agreement shall have the same meaning herein. In light of the Parties' desire to resolve and conclude this action, they jointly move the Court to issue the Final Settlement Approval Order attached as **Exhibit B**.

For purposes of this Settlement only, the parties sought and the Court ultimately granted on August 10, 2021, preliminary and conditional: (1) certification of the Class; (2) appointment of Advanced Dermatology as the Class Representative; (3) appointment of Ronald Frederick and Michael Berler of Frederick & Berler, LLC as Class Counsel; (4) approval of the class action settlement of Six-Hundred Thousand Dollars ($600,000.00) ("Settlement Amount") to be distributed pursuant to the terms of the Settlement Agreement; and (5) appointment of American Legal Claim Services, LLC as Claims Administrator.  In connection with its preliminary and

1

conditional certification and approval of the Settlement Agreement, the Court scheduled a Settlement Fairness Hearing for November 18, 2021.

Given the information contained in the attached Memorandum in Support and the representations and arguments that will be made at the Settlement Fairness Hearing, The Parties submit this joint motion and request the Court enter an Order granting final approval of the Settlement and certifying the Settlement Class.

Respectfully submitted,

/s/ Ronald I. Frederick
Ronald I. Frederick (#0063609)
Michael L. Berler (#085728)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
Telephone:  (216) 502-1055
Facsimile:  (216) 609-0750
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
Counsel for Plaintiff

/s/ Eli W. McCann (per emailed consent)
Cameron M. Hancock (Utah Bar No. 5389)
Eli W. McCann (Utah Bar No. 13798)
KIRTON MCCONKIE
50 E. South Temple, Suite 400
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
chancock@kmclaw.com
emccann@kmclaw.com

Daniel N. Jabe (OH 0076834)
JABE LAW FIRM LLC
470 Olde Worthington Rd., Suite 200
Westerville, Ohio 43082
Telephone: (614) 354-4133
Email: djabe@jabelawfirm.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| -vs- | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| MTI, INC. | ) | **JOINT MOTION FOR FINAL** |
| | ) | **APPROVAL OF SETTLEMENT** |
| Defendant. | ) | |
| | ) | |

## I.        PRELIMINARY STATEMENT

The Parties to this action, Plaintiff Advanced Dermatology, individually and on behalf of the "Settlement Class" (as defined below), and Defendant MTI, Inc., respectfully submit this Memorandum in Support of their *Joint Motion For Final Approval Of Settlement* (the "Motion"). The Motion seeks final approval of the Settlement Agreement, which the Parties assert satisfies for purposes of settlement only all of the requirements imposed by Civil Rule 23.  Notice of the Settlement Agreement and the Settlement Fairness Hearing has been given in the manner this Court previously approved.  **Only two settlement class members have opted out.**  Consequently, this Court should grant the Motion and issue an order approving the Settlement Agreement and certifying the Settlement Class.

## II.        STATEMENT OF THE CASE

Defendant MTI, Inc. ("MTI") manufactures and distributes medical devices. To promote its products, MTI has sent marketing facsimiles to medical offices.

Advanced Dermatology avers that on July 18, 2017, MTI sent it a marketing facsimile (the "Fax").  Advanced Dermatology further contends that it had no business relationship with MTI and had not otherwise given MTI its number or consented to receiving the Fax.  Further, the Fax did not have an opt-out notice.  Finally, Advanced Dermatology asserts that MTI sent the Fax to it as part of a marketing campaign using a blast fax service/broadcaster, j2 Global Canada, Inc.

## III.    TERMS OF THE SETTLEMENT

The Settlement Agreement is the product of discovery efforts and a series of negotiations between the Parties.  Plaintiff and MTI believe that this settlement provides fair and favorable relief to the proposed Settlement Class.

The Settlement Agreement is the product of significant discovery efforts and negotiation between the Parties.  Plaintiff and MTI believe that this settlement provides fair and favorable outcome for the proposed Settlement Class.

### A.  **The Settlement Class**

The Settlement Agreement provides for certification of a class for settlement purposes only.  The Settlement Class is defined as follows:

> All persons or business entities in the United States who received a facsimile from or on behalf of MTI, who had no ongoing business relationship with MTI, had not given consent to receive facsimiles from MTI, from January 25, 2014 until the date that this Agreement is executed.

(Settlement Agreement, **Exhibit A**, Para No. 10.07).

### B.  **Monetary Benefit to Class Members Agreement**

MTI has agreed to pay an amount in Settlement Benefits of Six Hundred Thousand Dollars ($600,000.00) in monetary proceeds and $650 Rebate Coupons to settle the claims asserted in this action.  (Settlement Agreement, **Exhibit A**, Para No. 10.36 and 10.28 respectively). The (1)

settlement administration costs, (2) attorneys' fees and costs of Class Counsel as approved by the Court, and (3) the incentive award to the Class Representative, in that order, are to be paid from this common fund settlement. (*Id.*) The remainder is the class recovery and will be distributed on a *per capita* basis to each Class Member who submits a valid Claim Form. (*Id.*) The parities have agreed that the date of distribution of these funds shall be February 1, 2022. (*Id.,* Para No. 10.14.) After One-Hundred and Eighty (180) calendar days any checks issued under this Settlement Agreement that are not cashed shall be void and the remainder shall revert back to MTI. (*Id.,* Para No. 10.36.2.)

The Claim period will be the period from sixty (60) days from the initial mailing of Class Notice to the Class by the Settlement Administrator, or as otherwise set by the Court. (*Id.,* Para No. 10.05.)

### C.  **Notice And Administration**

Subject to this Court's preliminary approval of the Settlement, the Claims Administrator, American Legal Claim Services, LLC, faxed the Class Notice to identified members of the Class in accordance with the schedule contained in the Preliminary Approval Order.  Subsequent notice attempts were made by U.S. mail if the facsimile notice was undeliverable.

### D.  **Opportunity to Opt Out and Object**

The Class Notice instructed on how and when to notify the parties of an opt-out.  **Only two class members have opted out.**

### E.  **Scope of Release**

To protect MTI's interest in settling the Action, Representative Plaintiff and all Class Members who do not successfully opt out will be deemed to have released any and all claims against MTI arising out of facsimile advertisements sent by or on its behalf to telephone facsimile

machines during the defined class period.  (Settlement Agreement, **Exhibit A**, Para No. 18.01).

F.  <u>**Attorney's Fees and Incentive Payment**</u>

The Settlement Agreement provides that Advanced Dermatology shall serve as Class Representative and that Ronald Frederick and Michael Berler of Frederick & Berler, LLC shall serve as Class Counsel.  Pursuant to the Settlement Agreement, Class Counsel is entitled to apply to the Court for an award of attorney's fees and costs to be paid from the Settlement Benefits in an amount not to exceed Three Hundred Thousand and 00/100 Dollars ($300,000.00). (Settlement Agreement, Exhibit A, Para No. 13.05).  Class Representative, Advanced Dermatology, may seek an incentive award of no more than Ten Thousand Nine Hundred Dollars ($10,900.00).  (Settlement Agreement, Exhibit A, Para No. 13.06).  MTI has agreed not to unreasonably oppose or object to these requests.

G.  <u>**Final Approval**</u>

A proposed Final Approval Order is attached to the Settlement Agreement as **Exhibit C**.

IV.  **CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER**

1.  **Standard for Certification of the Settlement Class**

Before an action may be maintained as a class action under Federal Rule of Civil Procedure 23, the Court must find that seven requirements have been satisfied: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Rule 23(b) requirements must be met." *Waters v. Pizza to You, LLC*, No. 3:19-CV-372,

2021 WL 229040, at *8–9 (S.D. Ohio Jan. 22, 2021). For settlement purposes, all of the requirements are satisfied.

### A.    An Identifiable Settlement Class Exists, and its Definition is Unambiguous.

MTI's available records made it possible to unambiguously identify members of the defined Settlement Class.

### B.    Advanced Dermatology is a Member of the Settlement Class.

Plaintiff Advanced Dermatology is a member of the Settlement Class. Within the relevant time period, it received unsolicited fax advertisements to its telephone facsimile machines.

### C.    The Settlement Class is Sufficiently Numerous.

Fed. R. Civ. P. 23(a) authorizes class actions only if "the class is so numerous that joinder of all members is impracticable. "[T]here is no strict numerical test for determining impracticability of joinder." *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005), (*quoting Am. Med. Sys., Inc.,* 75 F.3d at 1069) (internal quotation marks omitted); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506 (S.D. Ohio 1985) (as few as 23 class members may be sufficient). Joinder of this number of individual claims would be impracticable. In this case, there are thousands of Settlement Class Members. Managing all of these claims as separate actions would be impracticable, and resolution on a class-wide basis is preferable because this number is so large, especially when compared to the relatively small recovery for each individual Settlement Class Member.

### D.    The Commonality Requirement is Met for Settlement Purposes.

Although MTI would have contested commonality were this case to proceed to litigation, for settlement purposes, commonality is satisfied if there is a single issue common to all class members; "every question of law or fact need not be common to each class member." *Ames v.*

*Robert Bosch Corp.*, 2009 WL 803587 (N.D. Ohio March 24, 2009), *citing, Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56- 57 (3rd Cir. 1994); *Moore v. Rohm & Haas Co., 43 Employee Benefits Cas.* 1337, 1342 (N.D. Ohio Nov.19, 2007); *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996). ("[t]he commonality test, is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class."). *See also Prater v. Ohio Educ. Ass'n*., No. C2 04 1077, 2008 WL 2566364, at *3 (S.D. Ohio June 26, 2008) (finding that even a single common question of law or fact will satisfy the commonality requirement). The claims of the proposed Settlement Class arise out of the same common nucleus of facts and raise a common legal issue. All Class Members are alleged to have received unsolicited facsimiles in violation of the TCPA. The Settlement Class presents no disparate questions of law or fact that would affect the claims of class members. Under these circumstances and for settlement purposes, the commonality requirement is satisfied.

      **E.**    **Advanced Dermatology' Claims are Typical of Other Settlement Class Members' Claims.**

"[T]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Here Plaintiff received the same fax as the other class members, so injury and defects in the fax are common to all class members.

      **F.**    **Advanced Dermatology and its Counsel Fairly and Adequately Protect the Interests of the Class.**

The adequacy requirement analyzes the adequacy of both the Class Representative and the proposed Class Counsel. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. . . [and] "reviews the

adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Id.* at 717.  Advanced Dermatology's interests appear consistent with those of other Settlement Class Members.

Class counsel "should be experienced in handling litigation of the type involved in the case before class certification is allowed." *Id.* Proposed Class Counsel, Mr. Frederick, has extensive experience with consumer class actions since becoming licensed as an attorney in 1994 and concentrates his practice in the area of class action litigation. Mr. Frederick also frequently lectures on the subject of class actions for bar associations and other groups.

In addition, throughout this litigation, Advanced Dermatology and its counsel have demonstrated their commitment to vigorously prosecuting the case on behalf of the class. Here, the parties reached this settlement after prolonged negotiations. (**Exhibit C**, Frederick Decl. ¶10.) Thus, the adequacy requirement is met here.

### G.     Common Issues Predominate and Class-wide Settlement is Superior to Other Available Methods of Resolution.

In addition to satisfying the prerequisites of Rule 23(a), the proposed class satisfies Rule 23(b)(3), which requires that the court find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3). The Rule lists several factors that are relevant to this determination, which include: a) the interest of class members in controlling the prosecution of separate actions; b) the extent and nature of existing litigation concerning the controversy; c) the desirability of concentrating the litigation of the claims in a particular forum; and d) the difficulties likely to be encountered in the management of the class action.

This action satisfies both the standards and purpose of the Rule. As the Settlement Class is defined to include only those who were sent unsolicited facsimiles by MTI or its agents and there are no individual questions governing membership in the proposed Settlement Class. Certification of the Settlement Class will also eliminate the burden to the parties and class members of litigating disputed claims and will also conserve judicial resources. Therefore, the proposed Settlement Class is the most efficient means of resolving this litigation.

## V.  THE COURT SHOULD GRANT FINAL APPROVAL BECAUSE THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

The Federal Rules of Civil Procedure provide that a class action shall not be dismissed or compromised without the approval of the court and without notice of the proposed dismissal or compromise being given to all class members as the court directs. *See* F.R.C.P. 23(e).  On August 11, 2021, the Claims Administrator mailed the Approved Notices, which provided, in part, notice to members of the Settlement Class of: (1) the Settlement Fairness Hearing; (2) the terms of the Settlement Agreement; (3) A Settlement Claim Form, and (4) the method and manner in which to object to or opt-out of the Settlement Agreement.  As of this filing, only two members of the Settlement Class has opted out of the Settlement Agreement.

### A.  Standard for Settlement Approval

A class action cannot be settled until the trial court has determined, after a hearing, that the settlement is "fair, adequate and reasonable."  *Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2014 WL 11370455, at *9 (S.D. Ohio June 19, 2014), *aff'd,* 799 F.3d 497 (6th Cir. 2015). In assessing the fairness, adequacy, and reasonableness of the proposed settlement, the court must consider: (1) the fairness and reasonableness of the proposed settlement to those affected by it; (2) the adequacy of the settlement to the class; and (3) whether the settlement proposed is in the public interest.  *Id.* Other factors to be considered include the complexity, expense, and likely duration of

the litigation; the stage of the proceedings and the amount of discovery completed; the risks of litigation; the resources of the defendant; the judgment of experienced trial counsel; the Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered in the settlement; and the objections of class members. *Id.* at. *15.

The determination of whether a settlement is fair, adequate, and reasonable is in the sound discretion of the trial court. *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 993 (N.D. Ohio 2016).

### B.  The Settlement Agreement Is Fair, Adequate, and Reasonable

In this case, consideration of these factors demonstrates that the settlement is fair, adequate, and reasonable. The settlement benefits the Settlement Class Members by providing a cash payment. This will yield benefits to the Settlement Class Members in the form of payments or credits totaling Six-Hundred Thousand Dollars ($600,000.00), less the costs of class administration, incentive payments, and attorneys' fees.

Absent settlement, recovery of these benefits through continued litigation would be uncertain; MTI hotly disputes any liability, and some of the potentially dispositive legal questions presented in this case are unsettled.

Further, the complexity, expense, and duration of proceeding with this litigation militate in favor of this settlement. Despite the fact that this case has been pending for over three- and one-half years, it remains in relative infancy, with the issue of class certification unresolved, along with the extensive discovery that would be required to complete the case. Any decision this Court were subsequently to make with respect to class certification would then be immediately appealable, and only following resolution of that appeal would this Court have the opportunity to address the merits of the claims on motions for summary judgment and, depending on the outcome of those

motions, trial. That resolution, too, would be subject to appeal. Absent this settlement, which will yield direct benefits to the Settlement Class Members within a few months, any recovery to the Settlement Class Members would almost certainly be years away, during which time all Parties would incur substantial legal fees and expenses.

Additionally, Class Counsel, in the exercise of their professional judgment and with the benefit of their substantial experience litigating similar claims, believes that the proposed settlement is in the best interests of the Settlement Class. The chance of success on the merits is highly contested, and the proposed settlement is a fair, reasonable and adequate compromise of those claims.

Taken together, all of these factors support approval of the Settlement Agreement as fair, reasonable, and adequate.

## VI.    CONCLUSION

Plaintiff respectfully requests that the Court grant final approval of the Settlement Agreement and grant final certification of the Settlement Class.

Respectfully submitted,

*/s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#085728)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
Telephone:  (216) 502-1055
Facsimile:  (216) 609-0750
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
*Counsel for Plaintiff and Class Members*

*/s/ Eli W. McCann* (per emailed consent)
Cameron M. Hancock (Utah Bar No. 5389)
Eli W. McCann (Utah Bar No. 13798)
KIRTON MCCONKIE
50 E. South Temple, Suite 400
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
chancock@kmclaw.com
emccann@kmclaw.com

Daniel N. Jabe (OH 0076834)
JABE LAW FIRM LLC
470 Olde Worthington Rd., Suite 200
Westerville, Ohio 43082
Telephone: (614) 354-4133
Email: djabe@jabelawfirm.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/Ronald I. Frederick*
Ronald I. Frederick
Frederick & Berler LLC
*Attorney for Plaintiff and Class Members*

## AMENDED SETTLEMENT AGREEMENT

1.　　This Settlement Agreement is between Advanced Dermatology (**"Plaintiff"** as defined in paragraph 10.32 below), on behalf of itself and the class it represents (**"Class"** as defined in paragraph 10.07 below) on one hand, and MTI, Inc. (**"MTI"** as defined in paragraph 10.38 below) on the other hand.

## RECITALS

2.　　WHEREAS, on January 25, 2018, Plaintiff filed a complaint in the United States District Court for the Northern District of Ohio, captioned *Advanced Dermatology v. MTI, Inc.,* Case No. 5:18-cv-00194 (the **"Action"** as defined in paragraph 10.01 below);

3.　　WHEREAS, Plaintiff asserted claims on behalf of itself and similarly situated classes that MTI violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. (**"TCPA"** as defined in paragraph 10.40 below), and in response MTI denied the material allegations of Plaintiff's Complaint, including but not limited to, the allegations that it violated the TCPA;

4.　　WHEREAS, MTI denies the allegations made in the Action, and contests all liability with respect to any and all facts and claims alleged in the Action, and further denies that Plaintiff or any member of the Class has suffered any damages, but nevertheless desires to settle the Action finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below. By agreeing to this Settlement Agreement, MTI does not admit any liability with respect to the allegations in Plaintiff's Complaint, retract or surrender any of the factual or legal positions it asserted in the Action, or concede the invalidity of those positions;

5.　　WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between the parties in the Action;

6.　　WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action;

7.　　WHEREAS, Plaintiff and its counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, and, after taking into account the foregoing along with the risks of litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class;

9.　　NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

## DEFINITIONS

10.　　　　Definitions

　　10.01. **"Action"** means *Advanced Dermatology v. MTI, Inc.,* Case No. 5:18-cv-00194 (N.D. Ohio).

10.02. **"Agreement"** means this Settlement Agreement.

10.03. **"Benefit Check"** means the check to be sent to all Class Members and who shall receive consideration under paragraph 15.03 below.

10.04. Reserved.

10.05. **"Claim Period"** means the period of sixty (60) days from the initial mailing of Class Notice to the Class by the Settlement Administrator, or as otherwise set by the Court.

10.06. Claims-related terms – the following terms are defined in paragraph 15.01 below: **"Claim Distribution List"** and **"Claim Eligible Member".**

10.07. **"Class"** means all persons or business entities in the United States who received a facsimile from or on behalf of MTI, who had no ongoing business relationship with MTI, had not given consent to receive facsimiles from MTI, from January 25, 2014 until the date that this Agreement is executed.

10.08. **"Class Counsel"** means Frederick & Berler, LLC.

10.09. **"Class Member"** means a member of the Class. All Class Members are listed on the Class Member List.

10.10. **"Class Member List"** has the meaning specified in paragraph 12.01 below.

10.11. **"Class Notice"** means the mailed notice of the Settlement that is contemplated by this Agreement. Such notice shall consist of a notice in substantially the form attached as **Exhibit A** (or in a form agreed to by all of the Parties).

10.12. **"Class Representative Award"** means the incentive award to the Representative Plaintiff under paragraph 13.06 below.

10.13. **"Court"** means the Honorable Pamela Barker, United States District Judge, Northern Distrtict of Ohio, and/or such other United States Judge for the Northern District of Ohio to whom the Action may hereafter be assigned.

10.14. **"Distribution Date"** means the date the benefit checks, payments, and/or rebate coupons will be sent out. The Distribution Date shall be February 1, 2022 per the agreement of the parties.

10.15. **"Fairness Hearing"** means the Final Approval Hearing.

10.16. **"Final Approval"** means the last date on which all of the following have occurred:

10.16.1. The Court has issued all necessary orders under Rule 23 of the Federal Rules of Civil Procedure approving of the Settlement in a manner consistent with the terms and intent of this Agreement (or in a manner agreed to by all of the Parties).

10.16.2. The Court has entered a judgment finally approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement ("**Judgment**") (or in a manner agreed to by all of the Parties).

10.16.3. Either: (i) thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and Judgment, provided that any change or modification that may increase any of

MTI's liability or reduce the scope of the Releases or alter the definition of the Class shall be considered as preventing the occurrence of Final Approval, unless MTI waives this condition.

10.17. "**Final Approval Date**" means the date upon which Final Approval occurs.

10.18. "**Final Approval Hearing**" means the hearing scheduled by the Court in accordance with paragraph 11.01 below to complete the tasks identified in paragraph 13 below.

10.19. "**Final Approval Order**" means an order in the form of the proposed order attached hereto as **Exhibit C** (or in a form agreed to by all of the Parties).

10.20. "**Judgment**" has the meaning specified in paragraph 10.16.2 above.

10.21. "**Parties**" means Representative Plaintiff, the Class and MTI.

10.22. "**per-Class Member Settlement Payment**" has the meaning specified in paragraph 10.36.1 below.

10.24. "**Plaintiff's Counsel**" means Frederick & Berler LLC.

10.25. "**Preliminary Approval**" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the form of the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.26. "**Preliminary Approval Order**" means an order in the same form of the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.27. "**Preliminary Approval Date**" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

10.28. "**Rebate Coupons**" shall mean coupons for a rebate of $650 on the future purchase of specified MTI products, specifically chair model numbers 840, 830, 829, or 450W, which shall be issued to all Class Members who do not submit a Claim Form per this Agreement, and which in content shall be in the form of **Exhibit D** (or in a form agreed to by all of the Parties).

10.29. "**Releases**" shall mean the releases contained in paragraph 18 below.

10.30. "**Released Parties**" has the meaning specified in paragraph 18.01 below.

10.31. "**Releasing Parties**" has the meaning specified in paragraph 18.01 below.

10.32. "**Representative Plaintiff**" or "**Plaintiff**" means Plaintiff Advanced Dermatology and any other person who shall be appointed as such.

10.33. "**Settlement**" means the resolution of the matters within the scope of the Releases set forth herein as embodied in this Agreement.

10.34. "**Settlement Administration Costs**" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Benefits, including but not limited to the costs of providing notice to the Class Members and providing Benefit Checks to Class Members.

10.35. "**Settlement Administrator**" means American Legal Claim Services, LLC.

10.36. "**Settlement Benefits**" means the Rebate Coupons together with a monetary payment of six hundred thousand dollars ($600,000), both of which MTI is obligated to issue/pay by operation of the Settlement if it gains Final Approval.

10.36.1. The monetary payment is a "common fund" settlement. The Common Fund shall pay for: (1) first, Settlement Administration Costs, (2) second, attorneys' fees and costs to Class Counsel as approved by the Court, (3) third, an incentive award to the Representative Plaintiff, and (4) fourth, a Class recovery on a *per capita* basis to Class Members who respond to the Class Notice by submitting the "**Claim Form**" attached to the Notice, which amount shall be referred to herein as the "**per-Class Member Settlement Payment**."

10.36.2. Any checks issued under this Agreement that are not cashed within one hundred eighty (180) calendar days shall be void and the remainder shall be returned to MTI.

10.37. "**Successful Opt Out**" means any person or persons who timely and validly exercise their right to opt out of the Settlement and Releases, under paragraph 12.07 below and Federal Rule of Civil Procedure 23, but shall not include (a) persons whose opt outs are challenged by MTI, and the challenge is not overruled by the Court or withdrawn by Defendant, and (b) persons whose communication is not treated as an opt out, as provided in paragraph 12.07 below.

10.38. "**MTI**" means MTI, Inc.

10.39. "**MTI's Counsel**" means Kirton McConkie.

10.40. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*

10.41. As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

10.42. Other terms defined in the text of the Agreement shall have the meaning given those terms in the text.

## SETTLEMENT PROCEDURES

11.  Preliminary Approval

11.01. Within sixty (60) days of the execution of this Agreement by all Parties, Plaintiff and Plaintiff's Counsel shall move the Court for entry of a Preliminary Approval Order substantially in the form of **Exhibit B** hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate; (b) certifying the Class for settlement purposes only; (c) setting a date for the Final Approval Hearing; (d) approving and authorizing the dissemination of the proposed Class Notice that is attached as **Exhibit A**; (e) setting deadlines for providing the Class Notices, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement; (f) appointing the Plaintiff as Class Representatives and Class Counsel as counsel for the settlement Class; (g) appointing the Settlement Administrator; and (h) entering a stay of the Action.

11.02. MTI will not oppose the entry of a Preliminary Approval Order in the form of **Exhibit B** hereto (or in a form otherwise agreed to by all of the Parties), and Plaintiff will file an unopposed motion in support of Preliminary Approval.

12.  Administration

12.01. MTI and the entity, j2 Global, Inc., that assisted MTI in sending the faxes relevant to this Action have provided to Class Counsel data sets (the "Data Sets") containing information regarding all known fax recipients. MTI represents that it does not have any further information to provide to Class Counsel to assist Class Counsel in identifying all Class Members. Class Counsel shall use the data previously provided to create a list of Class Members ("Class Member List").

12.02. Class Counsel represents that the Class Member List prepared by Class Counsel will be based on the Data Sets. Class Counsel shall provide a notice of such to the Settlement Administrator.

12.03. Within twenty (20) business days thereafter, the Settlement Administrator shall email, mail, or cause to be emailed or mailed, the Class Notice to the Class Member List.

12.04. The Settlement Administrator shall compile the class list and forward to a facsimile delivery company and send the notice three times to each facsimile number of the Class Member and if undeliverable after three attempts, the Settlement Administrator shall update the Class Member List through a reverse lookup tool.  The Class Notice then shall be mailed to the updated address, and, if returned, re-mailed once to the forwarding address on the returned Class Notice, if any.

12.05. There shall be no further duty to take any further steps to provide notice or to attempt to locate Class Members. Nothing herein shall restrict Class Counsel's ability to respond to Class Member inquiries regarding the settlement.

12.06. The Settlement Administrator shall maintain a copy of the Class Member List for a period of seven (7) years.

12.07. The Class Notice shall permit each Class Member to elect not to be a part of the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice, the Class Member mails the request in Opt-Out Notice, by first class mail,

postage prepaid, and postmarked no later than **sixty days from mailing of Class Notice**, to the Claims Administrator at the address specified in the Notice, states their full name, address, fax number, and includes a statement in the written request for exclusion that they wish to be excluded from the Settlement). The Parties shall attempt to agree as to whether a communication from a Class Member is a request to opt out, and shall inform the Court of their position at the Fairness Hearing. MTI or Class Counsel may dispute an opt out or purported opt out and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in paragraph 12.08 below.

12.08. Unless the Court directs otherwise, objections and motions to intervene filed by any Class Member shall be filed in Court no later than sixty (60) days after mailing of the Class Notices, or shall be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Settlement Administrator postmarked no later than sixty (60) days after mailing of the Class Notices, or shall be forever barred.

13.          Final Approval

13.01. At the time appointed by the Court, Representative Plaintiff shall move the Court for entry of a Final Approval Order substantially in the form of **Exhibit C** hereto (a) finally approving the Settlement and the Agreement as fair, reasonable, and adequate; (b) giving the terms of the Settlement, including the Releases, final and complete effect; (c) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and (d) otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action.

13.02. MTI agrees not to oppose the entry of a Final Approval Order in the form of **Exhibit C** hereto (or in a form otherwise agreed to by all of the Parties).

13.03. The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date providing that all Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the Releases.

13.04. At the Fairness Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and incentive awards. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and incentive awards to be paid from the Settlement Benefits, in writing prior to the Fairness Hearing, at the time that the motion is filed requesting final approval. Defendant shall not unreasonably object to these applications. Such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

13.05. Class Counsel agrees not to move for or seek an aggregate award of attorneys' fees and litigation costs in excess of $300,000.00.   MTI will not unreasonably object to the request. Such attorneys' fees and litigation costs as may be awarded to Class Counsel by the Court upon application under paragraph 13.04 above will be paid out of the Settlement Benefits.

13.06. Representative Plaintiff agrees not to move for or seek an amount in excess of $10,900.00 as an incentive award to be paid to the Representative Plaintiff exclusively from the

Settlement Benefits. MTI shall not unreasonably oppose such a request. Such incentive award approved by the Court upon application under paragraph 13.4 above shall be paid out of the Settlement Benefits.

## SETTLEMENT BENEFITS

14.        Subject to the other terms and conditions of this Agreement, if the Settlement achieves Final Approval, the Settlement Administrator shall provide:

14.01 To each **Class Member** that did not opt out  or submit a **"Claim Form"** attached to the Class Notice, as described in paragraph 15.01 below, a **Rebate Coupon**.

14.02 To each **Class Member** that submitted a Claim Form attached to the Class Notice, within 60 days of the mailing of the Class Notice, a check in the amount of the per-Class Member Settlement Payment.

15.        In order to effectuate the provision of Settlement Benefits:

15.01. At least twenty-five (25) days before the Final Approval Hearing, the Settlement Administrator shall prepare a **"Claim Distribution List"** consisting of (1) all Class Members who were not Successful Opt Outs and (2) all Class Members who responded to the Class Notice by submitting Claim Form. The distribution lists shall be amended by the Settlement Administrator from time to time as information becomes available. All Class Members will be eligible to receive the Settlement Benefits in accordance with the terms of the Settlement, unless otherwise ordered by the Court or agreed by the Parties or unless amended as required herein. A **"Claim Elligible Member"** is a class member who submits a claim form timely and is a class member under the conditions of the class definition.

15.02. $400,000 shall be delivered to the Settlement Administrator no later than 15 days prior to the Distribution Date.  The remaining $200,000 of the monetary portion of the Settlement Benefit shall be paid no later than over the next three years in equal installments of $66,666.66, due each year for three successive years on the anniversary date of the signing of this Agreement.

15.03. As soon as practicable after the Final Approval Date, the Settlement Administrator shall send to every Class Member who submitted a Claim Form, a check or electronic transfer depending on the request of the Class Member in the amount of the per-Class Member Settlement Benefit to which the respective Class Member is entitled hereunder. The per-Class Member Settlement Benefits shall be mailed or transferred to the Class Member electronically or to the address indicated in the opt-in notice.

15.04. As soon as practicable after the Final Approval Date, the Settlement Administrator shall send every Class Member who did not opt out and did not submit a Claim Form, a Rebate Coupon either by faximile or mail depending upon the form of notice received by the Class Member the Rebate Coupon as identified in 10.28.

15.05  Upon Final Approval Date, the Settlement Administrator shall send the amount of attorneys fees to Class Counsel up to $100,000.  The remainder of the attorneys fees shall be paid directly to the Administror pursuant to paragraph 15.02 and will be then distributed immediately to Class Counsel on the anniversary date of the signing of the Settlement Agreement.

16.        All Benefit Checks issued pursuant to this Agreement shall bear the legend that they expire if not negotiated within one hundred and eighty (180) days of their date of their issue. Checks that are not negotiated within one hundred and eighty (180) days of their date of issue shall

be re-issued for good cause and on an individual basis only, but in no event shall a check be re-issued more than two hundred days (200) of its original date of issue.

17.          MTI shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to the Settlement Administrator. Notwithstanding the foregoing, MTI shall be entitled to create a settlement account (or funds) to pay its obligations hereunder, in whole or in part; such accounts or funds are for administrative or legal convenience or requirements of MTI and/or the Settlement Administrator only and do not create any vested or ownership interest on the part of the Plaintiff or any Class Member or any state or other governmental entity. The Parties agree that nothing in this paragraph will prevent the Parties from treating the Settlement Benefits as a "common fund" under Federal Rule of Civil Procedure 23 for purposes of any recovery under the Settlement, including attorneys' fees.

## RELEASES & REPRESENTATIONS

18.          Releases

18.01. Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) (**"Releasing Parties"**), will be deemed to have completely released and forever discharged MTI and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, accountants and representatives (**"Released Parties"**) from any claim arising out of the faxes that are the subject of the Action.

18.02. As part of the Final Approval Order, the Action shall be dismissed with prejudice. The Court shall enter a Judgment to that effect.

18.03. As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged MTI and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

18.04. As of the Final Approval Date, MTI and the Released Parties shall be deemed to have released the Representative Plaintiff, each Class Member who is not a Successful Opt Out, and Class Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

19.          Representations

19.01. In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the

Actions necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional Plaintiff, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the Preliminary Approval Order, Final Approval Order and Judgment, as well as the order contemplated by paragraph 13.03 above; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by MTI, subject to the Representative Plaintiff's consent, not to be unreasonably withheld.

19.02. Representative Plaintiff and MTI, subject to the last sentence of this paragraph, represent that they or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

19.03. Representative Plaintiff, Class Counsel and MTI represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in its sole discretion, feels appropriate, if contacted by Class Members.

## MISCELLANEOUS PROVISIONS

20.        This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim. MTI denies the allegations in the Actions and contends that its conduct has been lawful and proper.

21.        This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes certified or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state they were in prior to the Settlement, and the agreements

9

contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

22.        This Agreement shall be terminable at the option of any of the Parties (a) in the event the Court fails to enter the Preliminary Approval Order, Final Approval Order or order contemplated by paragraph 13.03 above, or does so in a form different from the forms contemplated by this Agreement (and the entered form is not otherwise agreed to by all of the Parties); (b) if this Agreement becomes null and void in accordance with paragraph 21 above; or (c) as otherwise provided in this Agreement. This Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and MTI.

23.        The obligations of MTI with respect to the provision of the Settlement Benefits, its activities with respect to the Class Member List, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.

24.        This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Ohio.

25.        The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Plaintiff's Counsel and MTI's Counsel.

26.        This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Parties, and the beneficiaries of the Release, and the Released Parties and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

27.        The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

28.        This Agreement shall become effective upon its execution by all of the Parties and counsel for all of Parties. The Parties and their counsel may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

29.        Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

30.        List of Exhibits:

        30.01. Exhibit A – Class Notice

        30.02. Exhibit B – proposed Preliminary Approval Order

        30.03. Exhibit C – proposed Final Approval Order

30.04. Exhibit D – Rebate Coupon


[Remainder of page left intentionally blank. Signature page follows.]

Care360®

IN WITNESS THEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**

_signature_                    Date: 11/29/21

Authorized Representative of
Advanced Dermatology

_signature_                    Date: 11/29/21

Ronald Frederick
FREDERICK & BERLER, LLC


**For MTI, Inc.**

_____        Date: _____
Authorized Representative
MTI, Inc.


_____
Printed Name and Title

_____        Date: _____

Counsel for MTI, Inc.

## NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**You may benefit from this notice.  Please read it carefully.**

**You must complete and submit the attached claim form to receive a monetary benefit.**

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

*ADVANCED DERMATOLOGY*
on behalf of itself and all others
similarly situated,

      Plaintiff,

            v.                      Case No:  5:18-cv-00194

*MTI, INC.*

      Defendant.

**1.**      **WHY HAVE YOU RECEIVED THIS NOTICE?**  You received this notice because records indicate that you received a facsimile from MTI, Inc. on or after January 25, 2014.

**2.**      **WHAT IS THIS LAWSUIT ABOUT?**  On behalf of itself and a class of similarly situated people, the plaintiff, Advanced Dermatology, alleges that MTI, Inc. sent unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**3.**      **WHAT IS A CLASS ACTION?**  In a class action, one or more people called Class Representatives (in this case, Advanced Dermatology) sue on behalf of people who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Court Judge Pamela A. Barker is presiding over this class action.

**4.**      **WHAT IS THE PROPOSED SETTLEMENT?**  Without admitting fault or liability, MTI, Inc. has agreed to create a settlement fund of $600,000 (the "Settlement Fund") and to provide a rebate coupon applicable to future purchases.  If the Court approves the settlement, Class Members who submit a valid and timely claim form will be mailed a check for a per capita share of the Settlement Fund after deduction of any attorneys' fees and costs for Class Counsel awarded by the Court, any award to the Class Representative awarded by the Court, and the costs of settlement administration.  Any Class Members who do not submit a valid and timely claim form and do not opt out will instead receive a $650 rebate coupon that may be used with the purchase of certain specified MTI, Inc. products.  In exchange, all class members release MTI, Inc. of the claims in the lawsuit, unless they exclude themselves from the settlement.

**5.**      **WHAT ARE YOUR OPTIONS?**

      **a.  SUBMIT A CLAIM FORM**            **This is necessary to receive a payment**

            To receive a payment from the Settlement Fund, you must complete, sign, and return the attached Claim Form or submit a claim form online at www.advdermtcpasettlement.com.     Read the

1

**Exhibit A**

instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than October 11, 2021. If the Court approves of the settlement, you will receive a check for your per capita share of the balance of Settlement Fund. If your claim form is not received by October 11, 2021, you will be deemed to have waived your right to a per capita share of the settlement. Instead, you will receive a rebate coupon and you will still be bound by all orders and judgments entered in connection with the settlement unless you exclude yourself.

**b. EXCLUDE YOURSELF**                     **You do not receive payment and no rebate coupon, but you can file your own suit (or participate in another lawsuit) against MTI, Inc.**

To exclude yourself and opt out from the settlement, you must complete, sign, and return the attached Opt-out Form, postmarked on or before October 11, 2021. If your request is not postmarked by that date, your right to opt out will be deemed waived, and you will be bound by all orders and judgments entered in connection with the settlement.

**c. OBJECT**                     **You can write to the Court about why you do not like the settlement**

If you do not like any part of the settlement, you may file an objection and tell the Court why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object with your name, address, telephone number, email address, your signature, and the reasons you object with a copy to each of these three addresses postmarked no later than October 11, 2021:

| | | |
|---|---|---|
| U.S. District Court for the Northern District Ohio Eastern Division Attn. Judge Barker 801 West Superior Avenue Cleveland, Ohio 44113 | Ronald Frederick Frederick & Berler, LLC 767 E 185th St. Cleveland, OH 44119 | Eli W. McCann Kirton McConkie 50 E. South Temple, Suite 400 P.O. Box 45120 Salt Lake City, UT 84145-0120 |

**Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object, because the case no longer affects you.**

**d. GO TO THE HEARING**                     **You can ask to speak in Court about the fairness of the settlement.**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The hearing will be held at 9:00 AM on November 18, 2021, at the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 in Courtroom 16A. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Barker will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement; however, we do not know how long this decision will take.

**e.  DO NOTHING**                    **You will receive no money payment, but you will receive a rebate coupon**

If you do nothing, you will get no money from this settlement, but you will receive a rebate coupon. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against MTI, Inc. based on the legal issues released in this case.

**6.      WHO REPRESENTS THE CLASS?**  The Court asked the law firm of Fredrick & Berler, LLC to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers; they will petition the Court for fee to be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of up to $300,000.00 to them for attorneys' fees and costs incurred, and payment of $10,900.00 to Advanced Dermatology, for its services as Class Representative.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  MTI, Inc. has agreed not to unreasonably oppose these fees and expenses.  The cost of notice and administration, attorneys' fees, expenses, and costs, and the service awards are deducted from the Settlement Fund.

**7.      HOW DO YOU GET MORE INFORMATION?**  This notice summarizes the proposed settlement. More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement and/or ask further questions by writing to Ronald Frederick, Frederick & Berler, LLC, 767 E 185th St., Cleveland, OH 44119, or calling (216) 502-1055. You may also visit the settlement website at www.advdermtcpasettlement.com. Please do not contact Defense Counsel or the Court with any questions.

*ADVANCED DERMATOLOGY V. MTI, INC.*

## SETTLEMENT CLAIM FORM

***(Submit this form in order to receive your per capita share of the Settlement Fund.
You may also submit a claim online at www.advdermtcpasettlement.com)***

*Your Information*

1. ☐ Individual -  First Name: _____  Last Name: _____

   ☐ Business -  Business Name: _____

      Contact Name (for business): _____

2. Mailing Address: _____

3. City: _____  State: _____  Zip Code: _____

4. Daytime Phone: _____

5. Fax Number(s): _____

6. Email: _____

**W-9 Request for Taxpayer Identification Number and Certification**

Along with this form, you must submit a completed W-9 form. W-9 forms can be found at: https://www.irs.gov/pub/irs-pdf/fw9.pdf

*Certification*

Under 28 U.S.C. § 1746, I declare under penalty of perjury that: By submitting this claim form, I certify that the information I have provided herein is true and correct to the best of my personal knowledge and belief. I also certify that I received one or more telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of MTI, Inc. on or after January 25, 2014.  I understand under the Settlement Agreement. I am forever releasing and waiving any right to seek compensation or make any claim regarding facsimile advertisements sent to me by or on behalf of MTI, Inc.

▶ _____   ▶ _____

Signature                                                    Date Signed (MM-DD-YYYY)

**Your mailed claim form postmarked on or before October 11, 2021.**

Return the Claim Form by fax:   MTI SETTLEMENT
                                                    PO BOX 23680
                                                    JACKSONVILLE, FL 32241-3680

*YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.*

**Administrator Use Only – Do Not Write Below This Line**

| | | |
|---|---|---|
| *Docket Label* | *Received Date* | *Postmark Date* |

451

^noticeid^

^name^

*ADVANCED DERMATOLOGY V. MTI, INC.*

**OPT-OUT FORM**

(*Submit this form if you do NOT want your per capita share of the Settlement Fund &
and you want to be <u>excluded</u> from the settlement*)

*Your Information*

1. ☐ Individual -   First Name: _____   Last Name: _____

   ☐ Business -   Business Name: _____

   Contact Name (for business): _____

2. Mailing Address: _____

3. City: _____   State: _____   Zip Code: _____

4. Daytime Phone: _____

5. Fax Number(s): _____

6. Email: _____

*Certification*

Under 28 U.S.C. § 1746, I declare under penalty of perjury that: By submitting this opt-out form, I certify that the information I have provided herein is true and correct to the best of my personal knowledge and belief. I also certify I do NOT want any share of the settlement, I do NOT want a rebate coupon, and I want to be excluded from the settlement.

▶ _____   ▶ _____
Signature                                                      Date Signed (MM-DD-YYYY)

**Your mailed opt-out form must be postmarked on or before October 11, 2021.**

Return the Opt-Out Form to:   MTI SETTLEMENT
PO BOX 23680
JACKSONVILLE, FL 32241-3680

*THIS OPT-OUT FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS.*

**Administrator Use Only – Do Not Write Below This Line**

451

| *Docket Label* | *Received Date* | *Postmark Date* |

^noticeid^

^name^

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **ORDER OF PRELIMINARY** |
| MTI, INC. | ) | **APPROVAL OF SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*;

WHEREAS, Plaintiff Advanced Dermatology ("Plaintiff") and MTI, Inc. ("MTI"), have filed a Motion for Preliminary Approval of a Class Wide Settlement (the "Motion"), which included a Settlement Agreement[1] that, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims, on a class wide basis;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination, the Settlement Agreement appears fair, reasonable, and adequate, and that the proposed plan of notice to the class is the best notice practicable under the circumstances and consistent with Due Process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as for in the Settlement Agreement.

**Exhibit B**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Class described below.

## Certification of Settlement Class

2.      Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the "Class" is preliminarily certified, consisting of the following class:

> All persons or business entities in the United States who received a facsimile from or on behalf of MTI, who had no ongoing business relationship with MTI, had not given consent to receive facsimiles from MTI, from January 25, 2014 until the date that this Agreement is executed.

3.      All people and business entities who are members of the Class are collectively the "Settlement Class Members" or individually a "Settlement Class Member."

4.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

5.     For purposes of settlement only, the Court further finds, that: (A) the members of the class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

6.     Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff is hereby appointed as class representatives and Frederick & Berler LLC are hereby appointed as Class Counsel.

7.     The foregoing determination regarding class certification is for purposes of settlement only. The Court recognizes that, under the Settlement Agreement, MTI retains the right to dispute that a class may be certified in this case, should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

## Notice and Administration

8.     The Court hereby approves of First Class, Inc. as claims administrator to perform the duties of the Claims Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

9.     The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice. The Court finds that

the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement Agreement and final judgment will be binding on all Class Members.

10. The Court hereby approves the form, content and requirements of the Class Notice annexed to the Settlement Agreement as Exhibit A. The Court approves the regime for notice set forth in the Settlement Agreement. Claims Administrator shall cause the Class Notice to be emailed or mailed on or before _____, to the individuals that MTI identified as Class Members, which the Court finds constitutes reasonable effort to identify Settlement Class Members for purposes of making individual notice.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the claim form attached to the Settlement Agreement along with the Class Notice as Exhibit A, which shall be included in the direct notice package, and as the Claim Form attached to the Settlement Agreement. All Claim Forms must be postmarked or received by the Claims Administrator no later than _____.

**11.** All costs of providing notice to the Settlement Class, processing claim forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

4

### Exclusion & "Opt-Outs"

12.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against MTI relating to the claims released pursuant to or covered by the terms of the Settlement.

13.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail Opt-Out Form (attached to the Notice and included therewith), by first class mail, postage prepaid, and postmarked no later than _____, to the Claims Administrator at the address specified in the Notice. In the written request for exclusion, the Settlement Class Member must state their full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline. Further, the Settlement Class Member must include a statement in the written request for exclusion that they wish to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

14.     Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or

before the dates specified herein shall be bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

15.    The Claims Administrator will promptly provide all Parties with copies of any opt-out requests, and Plaintiff shall file a list of all who have opted out with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

### Objections

16.    Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his or her full name, address, telephone numbers that s/he maintains was called, all grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

17.    The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representatives only if, on or before _____, such comments or objections and any supporting papers are

filed in writing with the Clerk of this Court. No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless these requirements set forth in this Order are satisfied.

18.     Any Settlement Class Member who does not opt out and/or make his objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## Final Approval Hearing

19.     The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on _____, at _____  am for the following purposes:

> (a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

> (b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

> (c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

> (d)     to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

> (e)     to consider the application for incentive awards to the class representatives;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

20.     Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen (14) calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

21.     On or before fourteen (14) calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the Class Representatives. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed/Emailed by:**          _____

**Objection/Exclusion:**                     _____

**Claim Deadline:**                          _____

**Final Approval Hearing:**                  _____ at _____ am

22.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**<u>Further Matters</u>**

23.     All discovery and other pretrial proceedings in the Action as between the Plaintiffs and MTI are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24.     Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or action, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding; and (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered.

26.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.


_____                    _____
Date                                        JUDGE PAMELA A. BARKER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **FINAL APPROVAL OF** |
| MTI, INC. | ) | **SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

Plaintiff Advanced Dermatology, the Settlement Class they represent, and Defendant MTI, Inc. ("MTI"), through their respective counsel, have submitted to the Court a *Joint Motion for Final Approval of Settlement, Incentive Award Payment, and Attorney Fees* which seeks approval of the parties' Settlement Agreement, certification of the settlement class, award of attorney's fees and class representative incentive awards.

This Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated _____.  Notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order and the Notice of Class Action Settlement attached as Exhibit A to the Settlement Agreement attached to the Joint Motion for Preliminary Approval.

This Court has reviewed the papers filed in support of the Motions, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and MTI, and supporting declarations.  The Court has taken notice that there were no written objections submitted to the Clerk of the Court by absent class members.  The Court held a hearing on _____, at which time the parties and all other interested persons were heard in support of the proposed settlement.

**Exhibit C**

Based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable.  Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    The Court has jurisdiction over the subject matter of this litigation and over all parties to this Action, including all Settlement Class Members, as such term is defined in the Settlement Agreement.

2.    The Court has determined that the Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class.

3.    No persons made timely and valid objections to the settlement, and no persons made timely and valid requests for exclusion from the Settlement Class.

4.    The Court finally approves this settlement in accordance with the terms of the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate in all respects.

5.    The Court finally certifies the Settlement Class preliminarily approved in its _____ Preliminary Approval Order.

6.    The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

7.    The Court dismisses the Action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to all Settlement Class Members.  This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

8.      The Court adjudges that the Class Representatives and all Settlement Class Members shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged MTI from any and all claims of any Settlement Class member to the extent provided in the Settlement Agreement.

9.      Without affecting the finality of this Settlement Approval Order and Final Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement and, (c) the enforcement, construction, and interpretation of the Settlement Agreement.

10.     The Court approves of Class Counsel's attorneys' fees, costs and expenses in the amount of Three Thousand and 00/100 Dollars ($300,000.00).  The Class Administrator shall pay this amount from the cash settlement fund as provided in the Settlement Agreement.

11.     The Court approves the incentive payment to Class Representative, Advanced Dermatology, in the amount of Ten Thousand Nine Hundred Dollars ($10,900.00).  The Class Administrator shall pay this sum from cash settlement fund as provided in the Settlement Agreement.

12.     Neither this Settlement Approval Order and Final Judgment nor the Settlement Agreement is an admission or concession by MTI of any fault, omission, liability, or wrongdoing. This Settlement Approval Order and Final Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by MTI.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court,

3

one way or the other, as to the merits of the claims and defenses of MTI or the Settlement Class Members.  No portion of the Settlement Agreement may be entered into evidence in any action by MTI or the Settlement Class Members except as required to seek approval of or enforce the Settlement Agreement.

13.     The Court finds that no just reason exists for delay in entering this Settlement Approval Order and Final Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Settlement Approval Order and Final Judgment.

14.     This is a final order.  The Court determines that there is no just reason to delay an immediate appeal of this order.

**IT IS SO ORDERED**:


_____         _____
JUDGE PAMELA A. BARKER                    Date

REBATE COUPON

THIS REBATE COUPON QUALIFIES THE CLASS MEMBER FOR A TOTAL OF ONE $650 REBATE FOR THE PURCHASE OF ONE THE FOLLOWING MODELS OF CHAIRS: 840, 830, 829, OR 450W. ONLY ONE REBATE CLAIM CAN BE MADE PER CLASS ACTION MEMBER. TO QUALIFY FOR THIS REBATE THE PURCHASER MUST BE A CLASS MEMBER OF THE LITIGATION CAPTIONED *ADVANCED DERMATOLOGY V. MTI, INC., CASE NO: 5:18-cv-00194*, AND MUST NOT HAVE OPTED OUT OF THE LITIGATION OR SUBMITTED A CLAIM FORM TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS. THE PURCHASE MUST BE MADE WITHIN 60 DAYS OF THE MAILING OF THIS REBATE COUPON AND THE CLAIM FORM BELOW MUST BE FILLED OUT IN ITS ENTIRETY WITH A COPY OF THE INVOICE FOR THE QUALYFING PRODUCT ATTACHED WITHIN 30 DAYS AFTER THE DATE OF THE INVOICE. MAIL REBATE COUPON TO ATTN: 650 REBATE, MTI, 3655 W. NINGRET DRIVE, SALT LAKE CITY, UT 84104. A CHECK WILL BE MAILED FOR EACH QUALFIED CLAIM TO THE PURCHASER WITHIN 60 DAYS OF CLAIM SUBMISSION.

_____          _____
PURCHASER FIRST NAME          PURCHASER LAST NAME


_____     _____     _____     _____
ADDRESS          CITY          STATE          ZIP CODE


_____     _____
MODEL PURCHASED          SERIAL NUMBER


_____     _____
INVOICE NUMBER          INVOICE DATE

**Exhibit D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **FINAL APPROVAL OF** |
| MTI, INC. | ) | **SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

Plaintiff Advanced Dermatology, the Settlement Class they represent, and Defendant MTI, Inc. ("MTI"), through their respective counsel, have submitted to the Court a *Joint Motion for Final Approval of Settlement, Incentive Award Payment, and Attorney Fees* which seeks approval of the parties' Settlement Agreement, certification of the settlement class, award of attorney's fees and class representative incentive awards.

This Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated August 10, 2021.  Notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order and the Notice of Class Action Settlement attached as Exhibit A to the Settlement Agreement attached to the Joint Motion for Preliminary Approval.

This Court has reviewed the papers filed in support of the Motions, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and MTI, and supporting declarations.  The Court has taken notice that there were no written objections submitted to the Clerk of the Court by absent class members.  The Court held a hearing on November 18, 2021, at which time the parties and all other interested persons were heard in support of the proposed settlement.

Based on the papers filed with the Court and the presentations made to the Court by the

1

**Exhibit B**

parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable.  Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     The Court has jurisdiction over the subject matter of this litigation and over all parties to this Action, including all Settlement Class Members, as such term is defined in the Settlement Agreement.

2.     The Court has determined that the Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class.

3.     No persons made timely and valid objections to the settlement, and only two persons sought exclusion from the Settlement Class.

4.     The Court finally approves this settlement in accordance with the terms of the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate in all respects.

5.     The Court finally certifies the Settlement Class preliminarily approved in its August 10, 2021, Preliminary Approval Order.

6.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

7.     The Court dismisses the Action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to all Settlement Class Members.  This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

8.     The Court adjudges that the Class Representatives and all Settlement Class Members shall, to the extent provided by the Settlement Agreement, conclusively be deemed to

have released and discharged MTI from any and all claims of any Settlement Class member to the extent provided in the Settlement Agreement.

9.     Without affecting the finality of this Settlement Approval Order and Final Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement and, (c) the enforcement, construction, and interpretation of the Settlement Agreement.

10.    The Court approves of Class Counsel's attorneys' fees, costs, and expenses in the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00).  The Class Administrator shall pay this amount from the cash settlement fund as provided in the Settlement Agreement.

11.    The Court approves the incentive payment to Class Representative, Advanced Dermatology, in the amount of Ten Thousand Nine Hundred Dollars ($10,900.00).  The Class Administrator shall pay this sum from cash settlement fund as provided in the Settlement Agreement.

12.    Neither this Settlement Approval Order and Final Judgment nor the Settlement Agreement is an admission or concession by MTI of any fault, omission, liability, or wrongdoing. This Settlement Approval Order and Final Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by MTI.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of MTI or the Settlement Class Members.  No portion of the Settlement Agreement may be entered into evidence in any action by

MTI or the Settlement Class Members except as required to seek approval of or enforce the Settlement Agreement.

13.     The Court finds that no just reason exists for delay in entering this Settlement Approval Order and Final Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Settlement Approval Order and Final Judgment.

14.     This is a final order.  The Court determines that there is no just reason to delay an immediate appeal of this order.

**IT IS SO ORDERED**:


_____          _____
JUDGE PAMELA A. BARKER                    DATE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO. 5:18cv194 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| MTI, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF RONALD I. FREDERICK
## IN SUPPPORT OF FINAL APPROVAL

I, Ronald I. Frederick, being duly sworn, hereby depose and state as follows:

1.      I am one of the counsels for Advanced Dermatology ("Plaintiff"), the named Plaintiff and proposed Class Representative for the proposed Settlement Class. I submit this affidavit in support of preliminary approval.

### Background And Qualifications Of Counsel

2.      I am an attorney duly licensed to practice before all courts of the State of Ohio.  I am a partner and founder of the law firm of Frederick & Berler LLC, and counsel of record for Plaintiff in this action.

3.      I am admitted to practice in the State of Ohio and the Northern District of Ohio.

4.      I am a graduate of The University of Akron Law School in 1994.

5.      I have been in private practice since 1997, and virtually all of my practice has involved litigation on behalf of consumers, representing individuals and classes injured by predatory lending, abusive debt collection, and other unfair and deceptive business practices including automobile related issues.

1

**Exhibit C**

6.     I have spoken at numerous CLE programs on various aspects of Ohio consumer protection statutes including CORT training for legal aid attorneys, The O'Neil Bankruptcy Institute of the Cleveland Bar Association, The Ohio Judicial Conference's Seminar on Consumer Law Damages, National Association of Consumer Advocates, National Consumer Law Conference, and the Ohio Consumer Law Institute.

7.     My firm has obtained in excess of 250 million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. A partial listing of litigated cases includes the following:

>   *Ford Motor Credit Co. v. Shaun E. Lowe*, Cleveland Municipal Court Case No. 99 CVF 15806;
>
>   *Phillips v. Andy Buick et. al.*, Lake County Common Pleas Case No. 02CV001128;
>
>   *Setliff, et al v. Morris Pontiac*, et al, Lorain County Common Pleas, Case No. 02-CV-131974;
>
>   *Thompson v. Tri-County Kia*, Lorain County Common Pleas, Case No. 02-CV-132392, appeal dismissed;
>
>   *Bartok v. Serpentini Group*, Cuyahoga County Common Pleas, Case Number 02 CV 479965;
>
>   *Espay v. Bud Brady Ford*, C.P. 472093, appeal dismissed;
>
>   *Willis v. T.E. Clarke Motors, Inc.,* Cuyahoga County Common Pleas Court Case No. 479655;
>
>   *North Shore Auto Financing, Inc. v. Block*, 2003 WL 21714583, 2003-Ohio-3964, (Ohio App. 8 Dist., Jul 24, 2003) jurisdictional motion denied, 100 Ohio St.3d 1531, 800 N.E.2d 47;
>
>   *Anderson v. Asset Acceptance Corp.*, 1:03CV97 (N.D. Ohio);
>
>   *Washington v. Spitzer Management, Inc.*, 2003 WL 1759617, 2003-Ohio-1735 (8th Dist. April 3, 2003) jurisdictional motion denied, 99 Ohio.St.3d. 1543, 795 N.E.2d 682, 2003-Ohio-4671 (2003);

*Huntington National Bank v. Bessie Malacky*, Cuyahoga County Common Pleas, 03 CV 491420;

*Cummings, et al v. H&R Block*, Circuit Court of Kanawha County, West Virginia, Case No. 03-C-134;

*First Merit v. Clauge*, Cleveland Municipal Court, Case No. 03 CVF 27720;

*CNAC v. Claudio*, Lorain County Common Pleas, 04 CV 137406;

*Northcoast Financial Services v. Webster*, Cleveland Municipal Court, 2004 CVF 18651;

*Nicholas Financial v. Sanborn*, Cleveland Municipal Court, Case No. 2004 CVI 6969;

*Tidewater Financial v. Wade, et al.*, Cuyahoga County Common Pleas, Case No. 05-CV-562559;

*Burns v. Spitzer Management*, Cuyahoga County Court of Common Pleas, Case No. 06 CV 606666;

*Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal);

*Asset Acceptance v. Bediant*, et al, Lorain County Common Pleas, Case No. 07-CV-1525;

*Broadway Finance Co. v. Lakettia McCutchen*, et al, Cleveland Municipal Court Case No. 07 CVF 09855;

*Miguel Allende v. United Acceptance, Inc.*, Lorain County Common Pleas, Case No. 08 CV 158791;

*Central Ohio Credit Corp. v. Conway*, Richland County Common Pleas, Case No. 08 CV 2000;

*Hall v. Capital One Auto Finance, Inc.*, Northern District Ohio, Case No. 1:08-cv-01181;

*Shagawat v. Northcoast Cycles, LLC*, Cuyahoga County Court of Common Pleas, Case No. 09-CV-697047;

*CES Credit Union v. Jacob D. Fulton*, Richland County Court of Common Pleas, Case No. 12 CV 0877;

*White, et al. v. Wells Fargo Bank, N.A.*, Northern District Ohio, Case No. 12 CV 00943;

*American General Finance v Opal Griffin, et al.*, Cuyahoga County Court of Common Pleas, Case No. 09 CV 685562;

*Caffy Steen, et al. vs. Guardian Financial Services Company*, Cuyahoga County Court of Common Pleas, Case No. 2014-CV-0548;

*William Hodge vs. Chaparral, Inc. dba Northcoast Financial Services*, Lucas County Court of Common Pleas, Case No. G4801-CI-0201502298-000;

*Southern Auto Finance Company, LLC vs. Tracey Terry, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-16-864734;

*Martin Baker vs. Levin Furniture (Sam Levin, Inc.)*, Cuyahoga County Court of Common Pleas, Case No. CV-11-754814;

*Rose Brock, et al. vs Directions Credit Union, Inc.*, Lucas County Court of Common Pleas, Case No. G4801-CI-0201603461-000;

*Ronald Jones v. Car Financial Services, Inc.*, Cuyahoga County Court of Common Pleas, Case No. CV-13-817202.

*Charles Robinson v. Regional Acceptance Corp.*, Cuyahoga County Court of Common Pleas, Case No. CV-17-882918.

*Advanced Dermatology vs. Adv-Care Pharmacy, Inc.*, Northern District of Ohio, Case No. 1:17-cv-00251;

*John C. Rayburn v. Staffilion Chevrolet, Inc., et al.*, Northern District of Ohio, Case No. 2:18-cv-1534.

8.     I have been designated as one of class counsel in each of these matters via certification of the respective classes.

9.     I have conducted a sufficient investigation to evaluate the merits of this case and the value of potential recovery.

10.    The Settlement Agreement was reached after hard fought negotiations and numerous informal settlement discussions, and two mediations, between the parties.

4

11.    The result of this negotiation is a fair and reasonable settlement that achieves full monetary relief and that will provide substantial benefits directly to class members.

12.    The settlement provides for the payment of attorneys' fees, costs, and expenses to Class Counsel upon the application for such an award. Class Counsel negotiated the essential terms of the settlement reached in this matter prior to any discussions with Defendant about attorneys' fees. The compensation for the services Class Counsel rendered to the class is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by the Court.

13.    After the essential terms of the settlement were negotiated, MTI, Inc. agreed not to oppose the request for attorney fees up to the amount of $300,000.00.

14.    My firm has not been paid any fee for our legal services in this case.

15.    Initially, the issues in this case were vigorously contested by Defendant. They required difficult legal research and advocacy.

16.    Class counsel advanced all costs on behalf of the named Plaintiff and the Class. None of these disbursements has been reimbursed.

18.    In this case, the Class Representative, Advanced Dermatology, performed the following tasks, among others: (1) assisted counsel in investigating and substantiating the claims alleged in this action; (2) assisted in the preparation of the complaint; (3) produced documents; (4) reviewed pleadings, correspondence, and other documentation received from Class Counsel in order to keep apprised of the progress of the litigation; and (5) participated in the settlement of this litigation, including two mediations, some of which required travel to Utah.

19.    Based on the involvement of the Class Representative, Advanced Dermatology, in this case, I believe that the requested $10,900.00 incentive award is fair and reasonable.

5

20.    I recommend that the Court grant final approval of the settlement as proposed.

AFFIANT FURTHER SAYETH NAUGHT.

Ronald I. Frederick